**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

INGRIS V. LOPEZ Y LOPEZ,

        *Petitioner*,

    v.

LUIS SOTO, *et al.*,

        *Respondents*.

Civil Action No. 26-cv-02509

**ORDER**

---

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Ingris V. Lopez y Lopez ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of her immigration detention without bond (ECF No. 1); and

**WHEREAS**, Petitioner contends that Respondents are unlawfully detaining her without the possibility of bond pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b), under a recently announced enforcement policy that categorically denies bond eligibility to individuals charged as inadmissible under *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025) (*see* ECF No. 1-1 at 16); and

**WHEREAS**, Petitioner is a citizen of Guatemala who entered the United States without inspection approximately 26 years ago. She is mother to two United States citizen children, and wife to a spouse who is in lawful immigration status (*id.* ¶¶ 28-30.); and

**WHEREAS**, Petitioner argues that because she has resided continuously in the United States for approximately twenty-six years since her initial entry, was arrested in the interior, is properly subject to discretionary detention under 8 U.S.C. § 1226(a), and is therefore entitled to

an individualized custody determination and a bond hearing (*see id.* ¶ 41, ¶¶ 61-62); and

**WHEREAS**, on March 1, 2026, despite the lack of criminal activity or evidence of changed circumstances, Petitioner was detained by Immigration and Customs Enforcement ("ICE") under 8 U.S.C. § 1225(b)(2) without explanation or individualized assessment, (*see id.* ¶¶ 31-32); and

**WHEREAS**, Petitioner was transferred to the Delaney Hall Detention Facility in Newark, New Jersey, where she remains in custody under the supervision of the Newark Field Office of ICE, (*see* ECF No. 1 ¶ 3); and

**WHEREAS**, the Court resolves the Petition (ECF No. 1) on the existing record and the controlling statutory framework; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ___ F. Supp. 3d ___, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore she should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

2

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit the new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in the litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS**, on this 12th day of March 2026,

3

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall <u>on this date</u> **IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to her detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to her; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

                                                **KAREN M. WILLIAMS**
                                                **United States District Judge**